UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| ROSALIND MCALISTER, | ) |
| Plaintiff, | ) Case No.: 3:24-cv-1795-MGL-SVH |
| vs. | ) |
| | ) COMPLAINT |
| ATRIUM HOSPITALITY, LP and NICOLE BLACKWELL and NATALIE PETERMAN, in their individual capacities) | ) |
| Defendant. | ) |

## INTRODUCTION

1. Plaintiff Rosalind Mcalister (hereinafter referred to as "Plaintiff") brings this action against Defendant Atrium Hospitality, LP (hereinafter referred to as "Defendant Atrium") and Defendant Nicole Blackwell ("Defendant Blackwell") and Defendant Natalie Peterman *("Defendant Peterman") based on Defendants' actions in discriminating against Plaintiff on the basis of her race in violation of 42 USC 1981, Breach of Contract, Breach of Contract accompanied by a Fraudulent Act, Civil Conspiracy, and Defamation.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over this action pursuant to 28 U.S.C. Sections 1331 and 1343 and 42 U.S.C. Section 2000e (5), this bring a proceeding to enforce rights and remedies secured under 42 U.S.C. Section 1981 and other Federal relief. This Court also has pendant and supplementary jurisdiction over so much of this action as is based on state law.

3. Venue is proper in the Columbia Division, because the causes of action arose therein, the acts and practices complained of occurred there and it is where the Defendant does business and may be found.

## PARTIES

4. Plaintiff is an African American female citizen of the United States of America and resides in Richland County, South Carolina. Plaintiff began her employment with Defendant in Richland County and at all times worked for Defendant Atrium in Richland County.

5. Defendant Atrium located in South Carolina, is a Delaware incorporated limited partnership with operations in the State of South Carolina.

1

6. Defendant Blackwell is a Caucasian Female who, upon information and belief, resides in Richland County, South Carolina.

7. Defendant Peterman is a Caucasian Female who, upon information and belief, resides in Richland County, South Carolina.

## **FACTS**

8. Plaintiff began her career with Atrium on or about August 21, 2023 as a Service Event Manager and due to her positive performance she was ultimately promoted to Conference and Event Manager, in September 2023, shortly after beginning her job with Defendant Atrium.

9. Plaintiff's Supervisor at all times relevant to this Complaint is Defendant Nicole Blackwell (WF), Director of Sales and Events.

10. During the course of September/October 2023, Plaintiff asked Defendant Blackwell for advice regarding various aspects of Banquet Event Orders (BEOs) which are Orders that are used internally for event planning. Rather than provide Plaintiff with advice and assistance as she does Defendant Natalie Peterman, Catering Manager (WF) (who has similar responsibilities regarding BEOs), Defendant Blackwell rebuffed Plaintiff and failed to provide her with any assistance in her efforts to get advice. This is direct evidence of Defendant Blackwell's racially discriminatory animus towards Plaintiff as an African American.

11. Beginning as early as November 2023 when Plaintiff initially had her 90 day review with Defendant Atrium, Plaintiff was beset with an onslaught of racial discrimination and harassment from Defendant Blackwell. Specifically, Plaintiff was pretextually subjected to a downgraded initial review from Defendant Blackwell despite having received a promotion within her first month on the job. This downgraded review by Defendant Blackwell was done to discourage Plaintiff and to mistreat Plaintiff as the only African American Conference and Event Manager under Defendant Blackwell's supervision. This was done in violation of 42 USC Section 1981 and the Companies' contractual EEO policy.

12. During the course of December 2023, Plaintiff had some scheduling conflicts. Amid these scheduling conflicts, Defendant Blackwell placed Plaintiff on a point system for her attendance. This point system was pretextual as no other manager was placed on this point system and, in fact, Defendant Peterman was allowed to come and go without any repercussions regarding her scheduling while Plaintiff as an African American was subjected to the racially discriminatory point system. This was further evidence of Defendant Blackwell's animus towards African Americans and specifically Plaintiff.

13. On or about December 2023, Defendant Blackwell attempted to require the office to remain open an additional hour pursuant to a partial "standard operating procedure". Plaintiff questioned this operating procedure and as a result, Defendant Blackwell withdrew it. Upon information and belief, this was but an attempt by Defendant Blackwell to further

harass Plaintiff due to her scheduling conflicts to further her racially discriminatory animus and to violate the contractual promises of Defendant Atrium's EEO policy.

14. In January 2024, Plaintiff began working 8:30-5:00 with a 30 minute lunch break. Defendant Blackwell took issue with Plaintiff receiving a full 8 hours a day as Defendant Blackwell wanted to reduce Plaintiff's working opportunities. As a result Plaintiff made a complaint to Sharon Hill, (BF), Area HR Director. Hill ultimately approved Plaintiff's schedule.

15. Defendant Blackwell, thereafter, went into the timekeeping system and changed Plaintiff's schedule overriding Hill. Defendant Blackwell did this in a blatant act of race discrimination and harassment.

16. Later in January 2024, Defendant Blackwell as well as Jordan Francisco, (WM), General Manager placed Plaintiff on a Performance Improvement Plan without Human Resource's knowledge. Plaintiff complained that Defendant Blackwell was retaliatory and that Defendant Blackwell was racially discriminatory. Plaintiff also filed a grievance. Defendant Blackwell then withdrew the PIP.

17. On or about January 2024, Plaintiff began Task Force Training. Plaintiff was informed that Defendant Blackwell's training of her was outside of Defendant Atrium's policy and that Defendant Blackwell should have no interaction with her. Defendant Blackwell then began sending email attacks on Plaintiff and harassing her to the exclusion of her white comparator Defendant Peterman and in retaliation for her complaints of race discrimination. All of this violates 42 US Section 1981 and Defendant Atrium's contractual promises to Plaintiff.

18. On or about February 2024, Defendant Blackwell told Plaintiff that she has to be 100 percent accurate on BEOs while Defendant Peterman only has to be 90 percent accurate. This is direct evidence of Defendant Blackwell's racially discriminatory and retaliatory animus.

19. On or around March 2024, Defendant Blackwell took all of Defendant Peterman's extra work and gave it to Plaintiff to overwhelm Plaintiff with work to Defendant Peterman's benefit.

20. On or around March 2024, Defendant Blackwell defamed Plaintiff and persuaded Defendant Peterman to write a defamatory and false statement against Plaintiff regarding a workplace incident. This statement was that Plaintiff was violent and aggressive and was a person of bad character and angry and unapproachable. This caused Jude Reser (WF), VP of Human Resources to come meet with Plaintiff. Reser said that the conflict between Plaintiff and Defendant Blackwell was "pinching" and that one of them would have to go. During this conversation Plaintiff told her that this was an African American and Caucasian situation.

21. Upon information and belief, on or about March 2024, Defendant Peterman approached Tina Williams (BF) and told her that Nicole put her up to making the statement against her.

22. On or about March 25, 2024, Defendant Blackwell placed Plaintiff on a new perfunctory PIP. Upon information and belief this PIP was completely unrelated to Plaintiff's job performance was merely an attempt to racially discriminate and retaliate against Plaintiff.

23. On March 31, 2024, Plaintiff responded to the March 25, 2024 PIP and alleged race discrimination and retaliation.

24. On or about April 8, 2024, after Plaintiff specifically complained of race discrimination in her March 31, 2024 response, rather than investigate her response Sharon Hill, (BF), HR Manager told her that she needs to "move forward" and that they are "done debating …behaviors experienced in the past". This is clearly evidence that Defendant has no intention on addressing the race discrimination and retaliation experienced by Plaintiff.

25. Plaintiff continues to complain about race discrimination and retaliation at this company all to no avail.

26. As a result Plaintiff has suffered damages and prays for relief.

**FOR A FIRST CAUSE OF ACTION (DEFENDANT ATRIUM)- RACE DISCRIMINATION (42 USC Section 1981**

27. Each and every allegation set forth above is hereby repeated as fully incorporated herein.

28. Plaintiff is a member of a protected group on the basis of her race. Plaintiff was discriminated against based on her race in violation of 42 U. S.C. § 1981.

29. Plaintiff is informed and believes that because of her race, African American, she was selected being on two PIPs, harassed, bullied, and treated disparately.

30. Plaintiff asserts that the on the job treatment and retaliation were pretextual. Plaintiff alleges Defendant intentionally initiated the discriminatory practices against Plaintiff based on her race.

31. Defendant was reckless, wanton and intentional in the discrimination of the Plaintiff in the following particulars, to wit:

   a.   Knowingly subjecting Plaintiff to unwarranted treatment of discrimination;

   b.   In subjecting Plaintiff to disparate disciplinary procedures as compared to her similarly situated Caucasian counterparts under like circumstances.

   c.   In harassing Plaintiff on account of her race as an African American.

4

32. In failing to protect Plaintiff from racial discrimination, preferential treatment or retaliation, Defendants acted with malice or reckless indifference to the federally protected rights set out under 42 U.S.C. Sec 1981.

33. The Defendant violated 42 U.S.C. Sec. 1981 by allowing the racial discrimination, preferential treatment and retaliation to exist in the workplace.

34. Defendant's racial discrimination of Plaintiff has caused, continues to cause, and will cause Plaintiff to suffer substantial embarrassment, humiliation, pain and suffering, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

35. Due to the acts of Defendant, its agents, and its employees, Plaintiff is entitled to injunctive relief, punitive and/or civil damages.

## **FOR A SECOND CAUSE OF ACTION (DEFENDANT ATRIUM)- RETALIATION (42 USC Section 1981**

36. Each and every allegation set forth above is hereby repeated as fully incorporated herein.

37. Plaintiff is a member of a protected group on the basis of her race. Plaintiff was retaliated against for making complaints of race discrimination in violation of 42 U. S.C. § 1981.

38. Plaintiff is informed and believes that because of her protected complaints of race discrimination, she was selected being on two PIPs, harassed, bullied, and given extra work.

39. Plaintiff asserts that the on the job treatment and retaliation were pretextual. Plaintiff alleges Defendant intentionally initiated the retaliatory practices against Plaintiff based on her protected complaints.

40. Defendant was reckless, wanton and intentional in the retaliation against Plaintiff in the following particulars, to wit:

   a. Knowingly subjecting Plaintiff to unwarranted treatment of retaliation;

   b. In subjecting Plaintiff to retaliatory disciplinary procedures as compared to her similarly situated Caucasian counterparts under like circumstances.

   c. In harassing Plaintiff on account of her protected complaints..

41. In failing to protect Plaintiff from retaliation, Defendants acted with malice or reckless indifference to the federally protected rights set out under 42 U.S.C. Sec 1981.

42. The Defendant violated 42 U.S.C. Sec. 1981 by allowing the retaliation to exist in the

workplace.

43. Defendant's retaliation of Plaintiff has caused, continues to cause, and will cause Plaintiff to suffer substantial embarrassment, humiliation, pain and suffering, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

44. Due to the acts of Defendant, its agents, and its employees, Plaintiff is entitled to injunctive relief, punitive and/or civil damages.

## FOR A THIRD CAUSE OF ACTION (DEFENDANT ATRIUM )
### BREACH OF CONTRACT

29. Each and every allegation set forth above is hereby repeated as if fully incorporated herein.

30. Defendant publishes and maintains an employee handbook, which definitely assures employees that they will be treated in an nondiscriminatory and fair manner.

31. Plaintiff relied on the promises contained in the employee handbook and other related policies governing fairness in the work place, and which prohibit the discriminatory and unfair treatment that she experienced working for the Defendant.

32. Defendant further states, in its handbook, that it will comply with the requirements of the law in implementing equal employment decisions.

33. Plaintiff and Defendant entered into a binding and valid contract whereby Plaintiffs relied on Defendant's policies and procedures pursuant to its employee handbook and the above policies, and procedures. Plaintiffs also relied on the Defendant's reassurance that it must follow its Internal Equal Employment Opportunity policy in its treatment of its employees regarding its EEO policies and regarding investigations of allegations of wrongdoing.

34. Plaintiff agreed to fulfill the duties of her position in exchange for valuable consideration and salary with the promise of being protected from unlawful discrimination.

35. Plaintiff performed her job duties with due diligence, however Defendant, through its agents, unjustifiably failed to perform its duties by failing adhere to its promises of protection under the employee handbook to include the Defendant's EEO policies.

36. All of these actions violate the contractual anti-retaliation provisions within Defendant's employment handbook (contract), and other contractual policies and procedures of the Defendant.

37. Defendant's conduct, by and through their agents, were done in bad faith and breached the implied covenant of good faith and fair dealings that is implied in the employment contract.

6

38. As a result of Defendant's breach of contract, Plaintiff has suffered actual, compensatory, physical, mental, emotional and consequential damages stemming from the breach and other such damages as are allowable by law.

### FOR A FOURTH CAUSE OF ACTION (DEFENDANT ATRIUM)
### BREACH OF CONTRACT ACCOMPANIED BY A FRAUDULENT ACT

39. Each and every allegation set forth above is hereby repeated as if fully incorporated herein.

40. Defendant publishes and maintains an employee handbook, which definitely assures employees that they will be treated in an non discriminatory and fair manner.

41. Plaintiff relied on the promises contained in the employee handbook and other related policies governing fairness in the work place and which prohibit the discriminatory and unfair treatment that she experienced working for the Defendant.

42. Defendant further states, in its handbook, that it will comply with the requirements of the law in implementing equal employment decisions.

43. Plaintiff and Defendant entered into a binding and valid contract whereby Plaintiffs relied on Defendant's policies and procedures pursuant to its employee handbook and the above policies, and procedures. Plaintiffs also relied on the Defendant's reassurance that it must follow its Internal Equal Employment Opportunity policy in its treatment of its employees regarding its EEO policies and regarding investigations of allegations of wrongdoing.

44. Plaintiff agreed to fulfill the duties of her position in exchange for valuable consideration and salary with the promise of being protected from unlawful discrimination.

45. Plaintiff performed her job duties with due diligence, however Defendant, through its agents, unjustifiably failed to perform its duties by failing adhere to its promises of protection under the employee handbook to include the Defendant's EEO policies.

46. All of these actions violate the contractual anti-retaliation provisions within Defendant's employment handbook (contract), and other contractual policies and procedures of the Defendant.

47. Defendant's conduct, by and through their agents, were done in bad faith and breached the implied covenant of good faith and fair dealings that is implied in the employment contract.

48. Defendant, by and through its agents, has failed to fulfill its obligation under its own written policies and has breached the terms thereof by reason of an intentional design on its part to defraud Plaintiff.

49. In furtherance of such intentional design, Defendant, through its agents, intentionally and maliciously placed Plaintiff in a position of being subjected to racial mistreatment under the guise of protecting Plaintiff from the same. It was readily apparent that Defendant's false reassurances were fraudulent as Defendant's continual violations of its own policy demonstrated.

7

50. Defendant's conduct, by and through its agents, was done in bad faith and breached the implied covenant of good faith and fair dealings that is implied in the employment contract and handbook.

51. As a direct and proximate result of Defendant's breaches of the Agency policies, the Agency Handbook and contract and procedures Plaintiff has been maligned and has suffered damages to include loss of sleep, mental anguish, emotional pain and suffering, and other compensatory, actual, and special damages due to the Defendant's failure to adhere to the terms of the policies established by the Defendant resulting in a breach of Plaintiff's employment contract accompanied by the above fraudulent acts as it relates to the Defendant.

### FOR A FIFTH CAUSE OF ACTION AGAINST THE INDIVIDUAL DEFENDANTS
### CIVIL CONSPIRACY

52. Each and every allegation set forth above is hereby repeated as if fully incorporated herein.

53. The individual Defendants named herein and others have met, conspired and schemed to cause Plaintiff harm.

54. Those Individual Defendants acted outside the scope of their employment and in abuse of their positions to harass the Plaintiff by creating a false and made up statement against Plaintiff to damage her employment relationship with her employer and to destroy her employment contract.

55. That such treatment of Plaintiff was motivated by an intent to harm Plaintiff for their own personal agendas.

56. Such actions of the individual Defendants have isolated and damaged Plaintiff.

57. The foregoing conduct amounts to an unlawful civil conspiracy to deprive Plaintiff of her employment for which the Individual Defendants named herein are liable.

58. Said civil conspiracy has directly and proximately caused Plaintiff to be ostracized, isolated and to suffer increased stress and anxiety. Plaintiff has been forced to incur the costs and reasonable attorney's fees of prosecuting this action. Further the Plaintiff is entitled to an award of punitive damages for the malicious, intentional, and mean-spirited actions of the Individual Defendants acting herein.

### FOR A SIXTH CAUSE OF ACTION AGAINST THE INDIVIDUAL DEFENDANTS
### DEFAMATION

59. Each and every allegation set forth above is hereby repeated as if fully incorporated herein.

60. On or about March 2024, Defendant Blackwell and Peterman made false and defamatory statements regarding Plaintiff that Plaintiff was violent and aggressive and was a person of bad character and angry and unapproachable with the intention of damaging Plaintiff's employment

61. The statements made by Defendants were false, malicious, and have caused harm to Plaintiff 's. reputation and standing in the community.

62. As a result of Defendants false and defamatory statements, Plaintiff has suffered damages, including but not limited to emotional distress, loss of reputation, and damage to her personal and professional relationships.

63. Said defamation has directly and proximately caused Plaintiff's reputation has to be damaged and Plaintiff to be ostracized, isolated and to suffer increased stress and anxiety. Plaintiff has been forced to incur the costs and reasonable attorney's fees of prosecuting this action. Further the Plaintiff is entitled to an award of punitive damages for the malicious, intentional, and mean-spirited actions of the Individual Defendants acting herein.

## JURY TRIAL REQUESTED

52. Plaintiff requests a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that this Honorable Court declares that Defendants' actions complained of herein violated the rights guaranteed to Plaintiff and issue its judgment:

(1) Declaring the actions complained of herein illegal;

(2) Issuing an injunction enjoining the Defendants, their agents, employees, successors, attorneys and those acting in concert or participation with the Defendants, and at their direction from engaging in the unlawful practices set forth herein and any other employment practices shown to be in violation of 42 USC Section 1981, and the common laws of the State of South Carolina to include Plaintiff's claim for breach of contract breach of contract accompanied by a fraudulent act, civil conspiracy, and defamation.
.

(3) Awarding Plaintiff compensatory and punitive damages for each Cause of Action contained herein, which the jury should find appropriate as a result of the Defendant's unlawful discriminatory actions taken as the result of Plaintiff's race and other pled causes of action; including mental anguish, pain and suffering, harm to Plaintiff's economic opportunities, any back pay, front pay and future earnings with cost of living adjustments, prejudgment interest, punitive damages, fringe benefits, and retirement benefits;

(4) Awarding Plaintiff her costs and expenses in this action, including reasonable

attorney fees, and other litigation expenses; and

(5) Granting such other and further relief as may be just and necessary to afford complete relief to the Plaintiff as this Court may deem just and proper.

RESPECTFULLY BY:
s/Aaron V. Wallace
Aaron V. Wallace (11469)
Wallace Law Firm
534 Saint Andrews Road, STE B PMB 2002
Columbia, SC 29210
PH 803-766-3997

April 10, 2024                                        Fax:839-218-5786